

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2002

# D'Aurelio v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3346

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"D'Aurelio v. Comm Social Security" (2002). *2002 Decisions.* Paper 327.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/327

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3346

_____

EDWARD E. D'AURELIO,

Appellant

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,
*LARRY G. MASSANARI

*(Pursuant to F.R.A.P. 43(c))

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 00-cv-01120
(Honorable Gustave Diamond)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2002

Before:  SCIRICA and ROSENN, Circuit Judges,
and WARD, District Judge*

(Filed  June 6, 2002)

_____

OPINION OF THE COURT

_____

*The Honorable Robert J. Ward , United States District Judge for the Southern
District of New York, sitting by designation.

SCIRICA, Circuit Judge.

This is an appeal of a denial of social security benefits.  We will affirm.

I.

Edward D'Aurelio was fifty-four years old when the ALJ denied his application
for disability benefits.  He graduated college and earned a Master's Degree in Music
Education.  After four years of military service and  twenty-seven and a half years as a
high school music teacher and band director, D'Aurelio qualified for early retirement,
which he took in February 1997.  He applied for disability benefits on May 21, 1997,
alleging an onset date of February 12, 1996.

D'Aurelio suffers from chest pain, kidney stones, sciatic nerve and a stress related

adjustment disorder with anxiety.  In February 1996, he was treated by Dr. James Joye and diagnosed with a normal heart rhythm.  Dr. Joye referred D'Aurelio to cardiologist Dr. Edward McDowell for a "workup of noncardiac causes of chest pain."  Dr. McDowell administered an electrocardiogram (EKG), which showed no significant changes.  Without giving a basis for his opinion, Dr. McDowell determined D'Aurelio was unable to return to his work as a high school teacher.

In February 1997, Dr. Rogelio Vega removed a kidney stone from D'Aurelio.  Dr. Vega and Dr. Edward Tsai examined D'Aurelio and made a diagnosis of labile angina pectoris.  But D'Aurelio did not note chest pain at that time and a second EKG showed no changes.  In July 1997, D'Aurelio saw Dr. Brent Ednie, who diagnosed him with coronary artery disease and opined he would be unable to resume his work at the high school because of stress.  In August 1997, D'Aurelio saw psychologist Vito Dongiovanni.  Dongiovanni determined D'Aurelio had an adjustment disorder with anxiety, but gave a prognosis of "good."  Dongiovanni stated: "D'Aurelio's mental functioning seems very good particularly for social judgment . . . ."

Two doctors performed functional capacity assessments.  In September 1997, Dr. Timothy Finch determined D'Aurelio could do medium work with no limitations.  In February 1998, Dr. Theordore Waldron concluded he could perform light work with certain environmental limitations.

Dr. John Moossy, a neurologist, found after examination that D'Aurelio reported no chest pain, his coronary artery disease was stable and his EKG was normal.  Dr. Moossy referred D'Aurelio to Dr. Andrew Cash for an L2 complete laminectomy, an L3 partial laminectomy and an L2-L3 discectomy.  The operation took place in November 1997 and was uneventful.  In February 1998, Dr. Moossy allowed D'Aurelio to gradually return to participating in his bowling league.

In December 1997, Dr. Durre Ahmed, an internist, noted D'Aurelio could ride thirteen miles on a stationary bike in fifteen minutes.  But he noted D'Aurelio had difficulty walking on his toe and heel and had restricted flexion in his spine.  Dr. Ahmed concluded D'Aurelio was limited to lifting ten pounds, walking less than two hours, had to alternate standing and sitting every hour, could do some pushing with his legs, and was unlimited in his upper extremities.

The Administrative Law Judge posed a question to a vocational expert: whether there were jobs that someone with D'Aurelio's age, education and work background, who is limited to light exertional work and should avoid extreme temperatures, excessive wetness or humidity, with limited exposure to pulmonary irritants, could hold.  The vocational expert opined that 509,775 such unskilled jobs and 11,250 such jobs using D'Aurelio's transferable skills exist nationally.  Therefore the ALJ determined D'Aurelio is not disabled.  The Appeals Council denied D'Aurelio's request for review.  On August 6, 2001, the District Court affirmed the ALJ's denial of disability.  D'Aurelio now appeals.

II.

We review an ALJ's denial of disability on a substantial evidence basis.  42 U.S.C.  405(g) (1991); Burnett v. Comm'r of the Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000) (citations omitted).  The ALJ's factual findings are conclusive if supported by substantial evidence in the record.  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citations omitted).

D'Aurelio claims the ALJ did not credit his complaints of pain.  But the ALJ found that despite pain, D'Aurelio could still engage in substantial gainful activity.  This conclusion is properly within the sound discretion of the ALJ.  20 C.F.R.  404.1529(a) (1991) ("We will then determine the extent to which your alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how your symptoms affect your ability to work.").  Substantial evidence supports the ALJ's determination here.

D'Aurelio also claims the finding that he could do light work is not supported by substantial evidence, because Drs. Ahmed and McDowell opined he was limited to sedentary work. But the treating doctors' unsupported assessments of a claimant's functional capacity are not necessarily controlling.  20 C.F.R.  404.1527(e)(1) (1991).  The ALJ properly weighed the evidence in the record as a whole.  Substantial evidence

supports the ALJ's determination that D'Aurelio could do light work with limitations.

Finally, D'Aurelio claims the ALJ's determination that other suitable jobs existed in the national economy was not supported by substantial evidence, citing the allegedly low number of jobs where he could use his transferable skills. But an applicant will be found not disabled, if sufficient jobs exist that he can do. 20 C.F.R. 404.1520(f)(1) (1985). The vocational expert testified there were over five hundred thousand unskilled jobs that D'Aurelio could perform.

Substantial evidence supports the ALJ's denial of disability under 20 C.F.R. 404.1520(f).

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge